IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **WINONA WEATHERS,**<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>**DERRAL ADAMS, Warden,**<br><br>　　　　　　　Respondent. | Case No. 1:16-cv-01615 DAD MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS**<br><br>**[Doc. 9]** |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent, Derral Adams, Warden of Central California Women's Facility, is hereby substituted as the proper named respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. Respondent is represented by Justain Riley of the office of the Attorney General.

**I.　Background**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, upon being convicted of first degree murder, first degree robbery, and assault with a firearm. (See Lodged Doc. No. 1.) On July 20, 1993, Petitioner was sentenced to life without the possibility of parole, plus an additional determinate term of four years. (Id.) Petitioner

1

appealed the conviction to the Fifth District Court of Appeal and the California Supreme Court. The Court of Appeal modified the judgment of a co-defendant, but otherwise affirmed the judgment with respect to Petitioner on April 5, 1996. (Lodged Doc. 2.) The California Supreme Court denied the petition for review on July 10, 1996. (Lodged Doc. 5.)

Starting in November, 2015, Petitioner filed a round of petitions in the California State courts. (See Lodged Docs. 6-11.) Providing for the mailbox rule, Petitioner filed her first petition for habeas corpus with the Fresno County Superior Court on November 1, 2015 (Lodged Doc. 6), and her final petition was denied by the Supreme Court of California on October 12, 2016. (Lodged Doc. 11). Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L. Ed. 2d 245 (1988); Campbell v. Henry, 614 F.3d 1056 (9th Cir. 2010); see also Rule 3(d) of the Rules Governing Section 2254 Cases.

On October 22, 2016, Petitioner filed the instant federal Petition for Writ of Habeas Corpus in this Court. On December 29, 2016, Respondent filed a Motion to Dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d). (Mot. to Dismiss, ECF No. 9.) Petitioner filed an opposition to the motion to dismiss on February 23, 2017. (Opp'n, ECF No. 16.)

**II.  Discussion**

    **A.  Procedural Grounds for Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using

Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of the one-year limitations period. 28 U.S.C. § 2244(d)(1). Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

**B. Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

In this case, the petition was filed on October 22, 2016, and is subject to the provisions of AEDPA. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

3

>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review. In this case, the California Supreme Court denied review on July 10, 1996. The state appeal process became final ninety days later, on October 8, 1996, when the time for seeking certiorari with the United States Supreme Court expired. U.S. Supreme Court rule 13; Bowen v. Rowe, 188 F.3d 1157 (9th Cir. 1999). The AEDPA statute of limitations began to run the following day, on October 9, 1996. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner had one year from October 9, 1996, absent applicable tolling, in which to file her federal petition for writ of habeas corpus. However, Petitioner delayed in filing the instant petition until October 22, 2016, over nineteen years after the statute of limitations period expired. Absent the later commencement of the statute of limitations or any applicable tolling, the instant petition is barred by the statute of limitations.

**C.     Later Accrual of the Limitation Period Under 28 U.S.C. § 2244(d)(1)(c)**

Petitioner appears to argue that a later state-of-limitations accrual date under 28 U.S.C. § 2244(d)(1)(c) should apply based the California Supreme Court's decision in People v. Chiu, 59 Cal. 4th 155, 172 Cal. Rptr. 3d 438, 325 P.3d 972 (2014).The Chiu decision does not afford Petitioner a later accrual date.

28 U.S.C. § 2244(d)(1)(c) states that the limitations date can be extended until "the date on which the constitutional right asserted was initially recognized by the

1  Supreme Court, if the right has been newly recognized by the Supreme Court and made
2  retroactively applicable to cases on collateral review." However, Chiu involved state law
3  issues that were resolved by a state supreme court, and cannot be relied upon for a later
4  accrual date. See 28 U.S.C. § 2244(d)(1)(c); see also Escalante v. Beard, 2016 U.S.
5  Dist. LEXIS 123440, 2016 WL 4742322, at *4 (S.D. Cal. June 2, 2016). To the extent
6  petitioner relies on People v. Chiu to suggest it entitles her to a later start date, such a
7  position would be unavailing. The alternate start date under AEDPA only applies to
8  rights recognized by the United State Supreme Court. Chiu was a state supreme court
9  and not applicable to the 28 U.S.C. § 2244(d)(1)(c) analysis. As Petitioner is not entitled
10 to a later accrual of the limitations period, the commencement of the limitations period
11 remains October 9, 1996.

### D.   Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

13    28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed
14 application for State post-conviction or other collateral review with respect to the
15 pertinent judgment or claim is pending shall not be counted toward" the one year
16 limitation period.  28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held
17 the statute of limitations is tolled where a petitioner is properly pursuing post-conviction
18 relief, and the period is tolled during the intervals between one state court's disposition of
19 a habeas petition and the filing of a habeas petition at the next level of the state court
20 system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th
21 Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations
22 under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was
23 timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544
24 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or
25 determined by the federal courts to have been untimely in state court will not satisfy the
26 requirements for statutory tolling. Id.

27    In this case, the limitations began to run on October 9, 1996, and expired a year
28 later on October 8, 1997. Accordingly, the statute of limitations expired nineteen years

1    prior to the filing of Petitioner's federal petition. While Petition sought review of her
2    conviction by way of petitions for writs of habeas corpus starting in November, 2015,
3    state petitions filed after the expiration of the statute of limitations period shall have no
4    tolling effect. Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003) ("section 2244(d)
5    does not permit the reinitiation of the limitations period that has ended before the state
6    petition was filed."). The present petition was filed on October 22, 2016, nineteen years
7    after the expiration of the year statute of limitations period. The instant federal petition is
8    untimely.

### E. Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62 (2010); quoting Pace v. DiGuglielmo. Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993). Petitioner has not presented any evidence regarding equitable tolling. Accordingly, Petitioner is not entitled to the benefit of equitable tolling and her petition remains untimely.

## III. Conclusion

As explained above, Petitioner failed to file the instant petition for Habeas Corpus within the one year limitation period required by 28 U.S.C. § 2244(d). Petitioner is entitled not entitled to the later accrual of the limitations period or the benefit of statutory or equitable tolling. Based on the foregoing, this Court recommends that Respondent's motion to dismiss be GRANTED.

## IV. Recommendation

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period be GRANTED.

This Findings and Recommendation is submitted to the assigned  United States

District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   February 24, 2017            /s/ *Michael J. Seng*
                                                                  UNITED STATES MAGISTRATE JUDGE